IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

RAMON LOFTON,                                     :

       Plaintiff,                              :

vs.                                               :    CIVIL ACTION 09-0798-CB-C

SAM COCHRAN, et al.,                              :

       Defendants.                             :


REPORT AND RECOMMENDATION


       This action was filed by an Alabama state inmate and has been referred to the

undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2 (c)(4) for appropriate

action.  It is recommended that this action be dismissed without prejudice for Plaintiff's failure

to prosecute and to comply with the Court's order.

       On December 9, 2009, Plaintiff filed his first motion for leave to proceed in forma

pauperis (Doc. 2).  That motion was denied on December 14, 2009 as deficient and Plaintiff was

ordered to file a motion in compliance with this Court's rules by January 8, 2010 (Doc. 3).  On

January 7, 2009, the Court denied the second Motion to Proceed Without Prepayment of Fees

(Doc. 7), for Plaintiff's failure to attach the printout of his prisoner account for the six-month

period preceding the filing of his complaint, or to pay the $350.00 filing fee for this action.

However, the Court granted Plaintiff leave to re-file his Motion to Proceed Without Prepayment

of Fees by February 5, 2010, with the statutorily-required copy of the institutional record

attached, or to pay the $350.00 (Doc. 7).  Plaintiff was warned that his failure to timely comply

with the order within the prescribed time would result in the dismissal of his action. To date, the

Court's order dated January 7, 2009, has not been returned to the Court, nor has the Plaintiff

responded in any other manner to the Court's order.[1]

Due to Plaintiff's failure to comply with the Court's order and to prosecute this action,

and upon consideration of the alternatives that are available to the Court, it is recommended that

this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil

Procedure as no other lesser sanction will suffice. *Link v. Wabash R.R.*, 370 U.S. 626, 630-31,

82 S.Ct. 1386, 1389 (1962) ("The authority of a court to dismiss sua sponte for lack of

prosecution has generally been considered an 'inherent power' governed not by rule or statute

but by the control necessarily vested in courts to manage their own affairs so as to achieved the

orderly and expeditious disposition of cases."); *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir.

2006) (recognizing a district court's inherent power to enforce orders and provide for the

efficient disposition of litigation); *Wilson v. Sargent,* 313 F.3d 1315, 1331-32 & n.7 (11th Cir.

2002) (holding that a prisoner's failure to pay the partial filing fee under § 1915 is a basis for

dismissal); *see generally Betty K Agencies, Ltd. v. M/V Monada,* 432 F.3d 1333, 1337-38 (11th

Cir. 2005) (discussing dismissals pursuant to the court's inherent power and dismissals based on

Rule 41(b) of the Federal Rules of Civil Procedure, and concluding that only a dismissal *with*

*prejudice* requires findings of contumacious conduct and that lesser sanctions will not suffice).[2]

---

[1] The undersigned would note that a brief review of the Complaint does not identify a
non-frivolous issue. It appears that he has sued two non-suable entities and has failed to show
Sheriff Cochran's participation in the alleged constitutional violations.

[2] On December 23, 2009, Plaintiff filed a Motion for a Hearing to Let [Plaintiff] show
evidence (Doc. 5), and, on December 29, 2009, Plaintiff filed a Motion to Move Out of Mobile
Jail (Doc. 6). Because Plaintiff has failed to comply with the Court's order dated December 14,
2009 (Doc. 3), and it is recommended that this action be dismissed, Plaintiff's motions are

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this 23rd day of February, 2010.

　　　　　　　　　　　　　　　　s/WILLIAM E. CASSADY
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

DENIED.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.      **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

> A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.